### GEORGE BROWN *versus* HENRY M. PINKHAM

In a deed of a parcel of land in which were a well and pump, an interlineation of the words "with pump and well of water," after the description of the land by metes and bounds, was *held* to be an immaterial alteration, as the effect of the deed would be the same without those words.

If the plaintiff in trespass *quare clausum* shows no title to the *locus in quo*, he cannot object that a deed under which the defendant claims title and holds possession, is invalid.

TRESPASS *quare clausum.* Plea, the general issue. Trial before *Shaw* C. J.

The place in controversy was a small parcel of land, of about twelve feet square, with a well in it, and the alleged trespass consisted in taking a pump from the well.

There was evidence tending to show, that both parties had exercised acts of ownership, especially in and over the well.

The plaintiff gave in evidence several deeds, by which he derived title from one Simeon Ellis. Among other particulars in the description of the land thus conveyed, being fourteen rods, it was described as land for many years improved by Simeon Ellis, as a garden. It was contended by the defendant, that the *locus in quo* was a yard separate from the garden and appurtenant to the house, and did not pass under the description of *garden*. There was evidence tending to show that the land claimed by the plaintiff and the house occupied by the defendant, were formerly and before the first conveyance under which the plaintiff claims, occupied by Ellis, and that the *locus* was then enclosed by a fence on three sides, and by the house on the fourth, and that it was annexed to and occupied with the house, and was separated and detached from the garden.

The defendant opened his case by stating a title to the house and to the *locus*, by a deed from Ellis to the town of Nantucket, and another from the town to the defendant. The description in the deed from Ellis to the town was, " a parcel of land bounded on the east by a lane or court, on the south by Henry M. Pinkham's land, west by George Brown's land, north by land sold by Simeon Ellis to George Mantor, with all buildings thereon, and the pump and well of water, and all privileges pertaining to the same." It was objected by the plaintiff, that the words " *and the pump and well of water*," were interlined.

and it was proposed to show that they were interlined after the deed had been executed. But it was ruled, that if the well and pump had not passed to the plaintiff by the prior deed of the garden, they remained annexed to the house and would pass with the house as appurtenant, and that the words in question would not change the effect of the deed. If this deed should be considered material to support the verdict, and this decision was incorrect, the verdict (which was in favor of the defend ant) was to be set aside.

The deed from the town to Pinkham, purported to be exe- cuted by the overseers of the poor, under an authority from the town, and the defendants were called on for proof of the authority ; but it was ruled, that without such proof this deed, connected with evidence that the defendant had entered under it, and that it was recorded in the registry of deeds, was competent evidence for the purpose for which it was offered ; that as the title of the defendant had never been called in ques- tion by the town, or any person claiming under the town, and as the plaintiff did not claim under the town, the deed pur- porting to be given by a committee of the town, duly regis- tered, was such *primâ facie* title as would qualify the de- fendant's claim of possession and enable him to defend his possession against a mere stranger, and that the plaintiff would be a mere stranger without some proof of title ; and therefore this deed was sufficient to put the plaintiff upon his proof of title, which was the only purpose for which it was offered. If this deed was not competent evidence, without proof of the authority of the committee who executed it, or if certain evi- dence produced was not sufficient proof of such authority, the verdict was to be set aside.

*T. G. Coffin*, for the plaintiff.

*Eddy* and *Bunker*, for the defendant.

PUTNAM J. delivered the opinion of the Court. We are all satisfied that the ruling of the chief justice was correct. Where there has been a mixed possession, the party who proves a title shall prevail. The question was whether the *locus in quo* was part and parcel of the land conveyed by Sim- eon Ellis to the grantee under whom the plaintiff claims. It was described as a garden. It was proved that Ellis owned and occupied the land which the plaintiff bought ; and likewise the

estate claimed by defendant, which consisted of a house and land conveyed by Ellis to the town of Nantucket, and by the town to the defendant. And the jury, as we understand from the report of the judge and the argument for the defendant, found that the garden which the plaintiff bought did not contain the *locus*, but that this place was appurtenant to the house and conveyed by Ellis to the town, and by the town to the defendant.

The plaintiff has no right to meddle with the conveyancing between Ellis and the town, and between the town and the defendant. If there were any errors or interlineations which might affect the parties to the conveyancing, they and they only, and not strangers, are at liberty to question them.

But we are entirely satisfied, that the supposed interlineation of the words " with the pump and well of water," in the deed from Ellis to the town, was an immaterial alteration. For the land was sufficiently described by metes and bounds. The *locus* was occupied with the house ; it was inclosed by a fence on three sides and by the house on the other side ; and by operation of law the deed passed all the buildings upon it and all the works below the surface, unless it contained some exception which would take the subject matter excepted out of the legal operation of the deed. No such exception is made. It was, therefore, perfectly immaterial to interline the words about the well ; as it would have been to have interlined words about a shed, or out-house, which stood upon the granted premises.

Besides, the plaintiff (as before intimated) does not claim any part of the land embraced in the deed under which the defendant claims. And the town makes no objection against the defendant's right to the estate. The town is content that the defendant should occupy as he has done ; and it is merely gratuitous for the plaintiff to interfere in a matter in which he has no concern, and to prove that as between the town and the defendant there has been something added to the conveyancing between them, which would materially affect it. It is not the plaintiff's affair. He must be contented to keep all that his deed conveys to him. He is to have the garden, and leave the defendant to have the rest of the estate.

The judgment is to be for the defendant, according to the verdict